## Voda v. Exeter Borough et al.

*Reynold J. Kosek,* for plaintiff.

*Albert B. Carrozza,* for defendants.

LEWIS, J., July 12, 1950.—This matter comes before the court in form of a case stated.

Plaintiff is Michael Voda, a resident of the Borough of Exeter, Luzerne County, Pa. Defendants are the Borough of Exeter; Leonard Campbell, burgess; Thomas Halloran, president of council; Jesse Lipfert, Stanley Ochreiter, John Wagner, John Voda, Anthony Pace, Edmund Litvinchak and Paul Washcalus, councilmen of the Borough of Exeter.

On January 2, 1934, plaintiff was appointed by the Borough Council as traffic officer and fire truck driver

in defendant borough. According to the facts agreed upon by counsel for the parties involved, plaintiff from the time of his appointment in 1934, with the exception of a few months in 1938, has served in the capacity of police officer of defendant borough and has performed all the functions and duties of that office. It is also agreed that up until April 4, 1950, plaintiff has driven the fire truck, fought fires and performed all other duties required of him.

At a meeting of defendant borough council on January 2, 1950, a motion was made removing plaintiff, Michael Voda, from the position of fire truck driver. There was no mention made in the motion as to plaintiff's removal from the position of police officer.

Up until July 1941 position in question was an appointive borough office which appointment was made at the discretion of the borough council. However, by the Act of June 5, 1941, P. L. 84, all the appointed borough policemen in boroughs having three or more police officers were given civil service status. On that date, defendant borough had a police force of five policemen. This number included plaintiff. Substantially the same provisions were reënacted in the Act of July 10, 1947, P. L. 1621. In 1941 defendant borough passed an ordinance in which the position of traffic officer and fire truck driver was given civil service status.

In addition, the acts mentioned supra created and provided for a civil service commission, whose duty it was to regulate and supervise matters pertaining to the police force which would include the hiring and discharge of police officers.

As was pointed out above, at a meeting held January 2, 1950, a motion was made removing plaintiff from the position of fire truck driver. At the time of. the purported removal of plaintiff from his office, no

charges were filed against plaintiff. Although council removed him as fire truck driver only, he was orally notified that he was also discharged as police officer. At this same meeting, a police civil service commission was appointed. On January 4, 1950, plaintiff demanded a hearing before the civil service commission. A hearing was granted, which hearing was held on January 10, 1950. On February 21, 1950, the commission, through one of its members, gave an oral report which simply stated that plaintiff had been removed as a fire truck driver, but again no decision was given concerning his status as police officer. Plaintiff's salary had been fixed by a prior ordinance at $1,860 per annum.

The record discloses that the borough council has authorized payment and has paid borough employes, including the policemen, for the months of January, February, March and April of 1950, but when plaintiff presented himself at the designated place for payment, the same was refused. It is agreed that plaintiff has reported and continued to report to the chief of police of defendant borough and the burgess daily for assignment to duties, and the same have been refused to him up until April 15, 1950. On that date he was temporarily appointed as a substitute for one of the police officers whose vacation period was scheduled for the latter half of April. From May 1, 1950, plaintiff has been acting as a police officer, filling the vacancy caused by the granting of a year's leave of absence to one of the officers. However, defendants refuse to recognize plaintiff as a police officer with civil service status. On the other hand, plaintiff has assiduously maintained that he is a police officer possessing the rights of and subject to the duties of a civil service employe.

The pivotal question before the court is whether or not plaintiff, Michael Voda, has acquired civil service status within the meaning of the acts of assembly.

Counsel have agreed that if this court is of the opinion that plaintiff has acquired civil service status or that defendants or any of them have wrongfully or illegally interfered with his status, then the court shall enter judgment in mandamus against defendants and command them to recognize plaintiff as a duly qualified police officer subject to civil service status, to cease and desist in the wrongful interference therewith and to further order the payment of plaintiff's back salary due for the months of January, February, March and the first half of April 1950, at the rate of $165 per month or a total sum of $577.50.

On the other hand, if the court is of the opinion that plaintiff does not come within the provisions of the Acts of 1941 and 1947, and further that defendants have not acted wrongfully, then the court shall enter judgment for defendants.

The Act of 1941 is an act providing for and regulating the appointment, promotion and reduction in rank, suspension and removal of paid members of the police force in boroughs maintaining a police force of not less than three members. The act creates a civil service commission in each borough and imposes certain duties on the commission.

The act specifically states that it is the purpose of this act to furnish a complete and exclusive system for the appointment, promotion, reduction, suspension or removal of members of the police force in every borough, incorporated town or township of the first class within the Commonwealth which maintains a police force.

Section 27 of the Act of 1941 defines police force as a police force organized and operating as prescribed

by law, the *members of which devote their normal working hours to police duty or duty in connection with the borough agencies and services connected with police protection work and who are paid a stated salary or commission for such work by the municipality.*

The Act of 1947 substantially reënacts the same provision relating to the promotion, suspension and reduction of police officers as the Act of 1941.

It is agreed that plaintiff devoted his normal working hours to the performance of his duties, and paragraph 10 of the case stated incorporates this admission. Paragraph 10 states that plaintiff from the time of his appointment in January 1934, with the exception of a few months in 1938, up to the present time, "has worn the same uniform and badge, made arrests and police reports, acted under, and been subject to the orders of every burgess who has held office since that time and has had the same authority and powers of all other police officers of the borough".

It is also noted from the agreed statement of facts that plaintiff's salary is $1,860 per annum while other patrolmen have been paid the sum of $2,040. However, the agreed facts show that plaintiff had the right of housing quarters in the borough building, where the fire apparatus was located. It is apparent that the occupancy without rental was equivalent to the difference between what was paid to plaintiff and that paid to the other patrolmen.

Therefore, we infer and conclude that the work of fire truck driver was incidental to plaintiff's employment as a policeman.

Paragraph 8 stipulates that the borough passed an ordinance which was approved July 1, 1941, placing the position of traffic officer and fire truck driver under civil service.

We find therefore that:

1. The borough is bound by the aforementioned acts.

2. Plaintiff is a member of the police force and has devoted normal working hours to police duty.

In the case stated paragraph 21 provides that the competency, relevancy or materiality of any of the facts agreed upon may be objected to by counsel for either side. Counsel have agreed to the deletion of this paragraph.

With these findings before us, we cannot conclude otherwise than that plaintiff has acquired civil service status and is entitled to all the privileges and emoluments which go with the status.

Accordingly, now, July 12, 1950, it is directed that judgment be and is hereby entered for plaintiff in the sum of $577.50, and it is further ordered and adjudged that plaintiff, Michael Voda, has acquired civil service status in the Borough of Exeter, within the meaning of the acts of assembly.